## HALLIBURTON *v.* STATE.

Opinion delivered July 6. 1903.

INDICTMENT—SABBATH BREAKING—NEGATIVING EXCEPTIONS. — Under Sand. & H. Dig., § 1887, providing that "every person who shall. on the Sabbath or Sunday, be found laboring, or shall compel his apprentice or servant to labor or to perform other services than customary household duties, of daily necessity, comfort or charity, on conviction thereof shall be fined," etc., an indictment which fails to negative the exceptions in the statute is bad.

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*John E. Bradley,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

The act charged is a complete offense. Clark, Cr. Law, 153, 270; Sand. & H. Dig. 2090; 65 Ark. 559; 58 Ark. 10.

BUNN, C. J. This is an indictment for Sabbath breaking, heard and determined in the Clark circuit court, August term, 1902. Verdict of guilty, and judgment accordingly, from which the defendant appealed to this court duly and in due time.

The indictment is as follows, to-wit: "The grand jurors of the state of Arkansas, duly selected, impaneled, sworn and charged to inquire in and for the body of the county of Clark, in the state of Arkansas, on oath present that one W. H. Halliburton, late of said county, on the 31st day of August, 1902, said day being the Sunday or Christian Sabbath, did unlawfully make sale of a bill of drugs, and take and make orders for same, contrary to the form of the statute, and against the peace and dignity of the state of Arkansas."

The statute upon which the foregoing indictment was founded is as follows, to-wit: "Every person who shall, on the Sabbath or

Sunday, be found laboring, or shall compel his apprentice or servant to labor, or to perform other services than customary household duties or daily necessity, comfort or charity, on conviction thereof shall be fined one dollar for each separate offense."

A controlling question in this case is, does the indictment negative the 'exceptions named in the statutes, and this question is raised by the general demurrer. That exceptions named in the clause of the statute creating the offense must be negatived in the indictment is well settled: *Brittin* v. *State,* 10 Ark. 299 ; *Matthews* v. *State,* 24 *Ib.* 484; *Wilson* v. *State,* 33 *Ib.* 557 ; *Wilson* v. *State,* 35 *Ib.* 414; *State* v. *Bailey,* 43 *Ib.* 150 ; *State* v. *Railroad,* 54 *Ib.* 546 ; *State* v. *Scarlett,* 38 *Ib.* 563 ; *Thompson* v. *State,* 38 *Ib.* 408 ; *Bone* v. *State,* 18 *Ib.* 109.

The particular question then is, does the allegation in the indictment, "did unlawfully make sale of a bill of drugs and take and make orders for same" on the Sabbath day, necessarily imply a denial of the charge that the sale was made through necessity, charity or for comfort? A majority of the court are of the opinion that it does not, and that therefore the indictment is fatally defective.

Reversed and remanded.